IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANTIONE LAMONT CULMER, | ) |
| | ) |
| | )   2:22-CV-01780-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DISTROKID, APPLE, AMAZON, | ) |
| | ) |
| Defendants, | |

**MEMORANDUM OPINION**

Antione Lamont Culmer commenced this proceeding by filing a motion to proceed *in forma pauperis* (IFP) and attaching a Complaint seeking to establish claims for Breach of Contract and under 41 U.S.C. § 6503 against Distrokid, Apple, and Amazon. (ECF No. 1). On December 27, 2022, Magistrate Judge Maureen Kelly granted Mr. Culmer's motion for leave to proceed in forma pauperis (ECF No. 2), which directed the Clerk to file Mr. Culmer's Complaint (ECF No. 4). The case was subsequently assigned to the undersigned.

In her Order, Judge Kelly noted that the Court may dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B), if the Court finds that the complaint is frivolous or malicious or fails to state a claim upon which relief can be granted. (ECF No. 2). While the Court would be within its power to conduct such inquiry, the review of Mr. Culmer's Complaint raises fundamental jurisdictional issues that will mandate dismissal.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court, sua sponte, to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the Court's authority to hear a case. Generally, subject-matter jurisdiction arises through the assertion of a federal question or through the diversity of the parties. If a case,

as presented by the plaintiff, does not meet the requirements of subject-matter jurisdiction or if it is otherwise barred by law, then the Court must dismiss the plaintiff's action. Importantly, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from" the defendant. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts cannot exercise jurisdiction where Congress has not given it, even if all parties assume subject matter jurisdiction exists. *Hartig Drug Co.*, 836 F.3d at 267.

Mr. Culmer, through his indication on the Civil Cover Sheet, asserts subject-matter jurisdiction based upon a federal question. (ECF No. 1-2). Federal question jurisdiction is defined as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C.A. § 1331. Here, Mr. Culmer alleges 41 U.S.C. § 6503 as the civil statue, i.e. federal question, under which he is seeking redress from Defendants. However, upon this Court's review of said statute, it clearly only provides relief for the United States in its enforcement of public contracts. Thus, Mr. Culmer cannot avail himself relief under 41 U.S.C. § 6503. Therefore, this Court cannot maintain subject-matter jurisdiction pursuant to a federal question.

Given Mr. Culmer's *pro se* status and giving him the benefit of the doubt, the Court will also examine the potential for his establishment of subject-matter jurisdiction through diversity. Diversity jurisdiction is defined by statute in relevant part as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> **(1)** citizens of different States

28 U.S.C.A. § 1332(a)(1).

Here, Mr. Culmer, in his Civil Cover Sheet, aside from the aforementioned federal statute, lists breach of contract as a cause of action against the defendants. While Mr. Culmer lists a Pennsylvania address, he does not allege the domicile status of the defendants. Thus, the Court cannot discern, on the face of Mr. Culmer's pleadings, whether he and the defendants are citizens of different states. However, even if Mr. Culmer could establish diverse citizenship, Mr. Culmer has asserted a demand of $5,000.00, short of the jurisdictional threshold of $75,000. Therefore, this Court could also not maintain subject-matter jurisdiction pursuant to the diversity statute.

Accordingly, because Mr. Culmer's Complaint cannot establish subject-matter jurisdiction on the basis of federal question or diversity, his Complaint will be DISMISSED. A separate Order, pursuant to Federal Rule of Civil Procedure Rule 58 will follow.

DATED this 3rd day of January, 2023.

BY THE COURT:

MARILYN J. HORAN
United States District Judge

cc:   Antione Lamont Culmer, pro se
      323 Spencer Avenue, Apt. 3
      Pittsburgh, PA 15227